Douglas P. Desjardins
CLAPP, DESJARDINS & ELY, PLLC
1717 N Street, NW, Suite 300
Washington, D.C. 20036
(202) 638-5300/Facsimile (202) 393-1725
dpd@cdelaw.net

Robert B. Hopkins, P.C., Bar No.: 73143
LANDYE BENNETT BLUMSTEIN LLP
3500 Wells Fargo Center
1300 SW Fifth Avenue
Portland, OR 97201
(503) 224-4100/Facsimile (503) 224-4133
rhopkins@landye-bennett.com

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAURIE JONES, individually, and as Personal Representative of the ESTATE OF CHRISTOPHER JONES, deceased,<br><br>        Plaintiff,<br>vs.<br><br>CIRRUS DESIGN CORPORATION and AVIDYNE CORPORATION,<br><br>        Defendants.<br><br>CIRRUS DESIGN CORPORATION,<br><br>        Third-Party Plaintiff,<br>vs.<br><br>JENNIFER S. LINCK or JANE DOE or JOHN DOE, who may be appointed as personal representative of the Estate of PAUL SCHIOLER-LINCK,<br><br>        Third-Party Defendant. | Case No. CV 06-1656 ST<br><br>**PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY AVIDYNE SHOULD NOT BE HELD IN CONTEMPT AND HAVE DEFAULT JUDGMENT ENTERED AGAINST IT; FOR RELATED DISCOVERY; AND FOR PLAINTIFF'S ATTORNEY FEES AND COSTS**<br><br>**ORAL ARGUMENT REQUESTED** |

Page 1 -  PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY AVIDYNE SHOULD NOT BE HELD IN CONTEMPT

561151.doc.12502-001

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

In compliance with L.R. 7.1, plaintiff Laurie Jones' counsel hereby certifies that counsel have made a good faith effort, through personal or telephone conferences, to resolve this dispute and have been unable to reach agreement. As addressed in the accompanying Memorandum of Law, the prejudice to plaintiff from defendant Avidyne Corporation's (Avidyne) violation of the Court's February 2, 2009 discovery order, and its obstructive and deceptive conduct in this litigation, cannot be remedied by any sanction short of a default judgment against Avidyne, a sanction which Avidyne does not consent to.

## MOTION

Plaintiff moves[1] the Court to issue an Order, pursuant to Fed. R. Civ. P. 37(b)(2) and the Court's inherent power, directing Avidyne to show cause why it should not be held in contempt, and have default judgment entered against it as a sanction for its violation of the Court's February 2, 2009 order compelling it to produce documents (Dkt. 127) and for its obstructive and deceptive conduct in this litigation.

Plaintiff suggests the evidentiary hearing be set as soon as the Court's schedule permits. Plaintiff further moves that Avidyne be ordered to provide plaintiff the names of every witness it will call to testify at the hearing, and to make available any such witness for deposition by plaintiff at Landye Bennett Blumstein in Portland, Oregon, at Avidyne's expense, at least two days before the hearing. Plaintiff further moves for leave to be permitted to conduct limited documentary discovery related to Avidyne's efforts to comply with discovery requests, the

---

[1] In some cases, the party initiating contempt or sanction proceedings by seeking an order to show cause styles their initiating papers an "Application" for an order to show cause, *see Federal Trade Com'n v. Enforma Natural Products, Inc.*, 362 F.3d 1204, 1209 (9th Cir. 2004), while in others the initiating paper is styled a "Motion" for an order to show cause, *see GRK Fasteners Ltd., v. Bennett*, No. 03-6363-HO, 2004 WL 1211919 at *1, n.1 (D. Or. May 14, 2004) (Hogan, J.). Either form therefore appears appropriate. As Judge Hogan of this district court has specifically approved of the "Motion" form in *GRK Fasteners Ltd.*, 2004 1211919 at *3, plaintiff here styles this initiating paper as a "Motion."

Page 2 -   PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY AVIDYNE
            SHOULD NOT BE HELD IN CONTEMPT

561151.doc.12502-001

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224.4133 (facsimile)

Court's discovery order, and the circumstances of its belated production of additional Tiger Team documents.

In addition to holding Avidyne in contempt and entering a default against it, plaintiff also requests that Avidyne further be ordered to pay her attorney fees and all costs in connection with this motion, the show cause hearing, and any discovery on the matters presented by this motion. Plaintiff further requests any other sanctions against Avidyne that the Court may deem just and proper.

In support of this Motion, plaintiff relies upon, and hereby incorporates by reference, Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for an Order to Show Cause Why Avidyne Should not be Held in Contempt and Have Default Judgment Entered Against It, and the Declarations of Douglas Desjardins and Matthew Clarke in Support of Plaintiff's Motion for an Order to Show Cause Why Avidyne Should not be Held in Contempt and Have Default Judgment Entered Against It, filed herewith.

Dated this 29th day of January, 2010.

                    Douglas P. Desjardins (*pro hac vice*)
                    CLAPP, DESJARDINS & ELY, PLLC and
                    Robert B. Hopkins
                    Matthew K. Clarke
                    LANDYE BENNETT BLUMSTEIN LLP

By:       s/ Robert B. Hopkins
        Robert B. Hopkins, P.C., OSB #73143
        Matthew K. Clarke
        Douglas P. Desjardins
        *Of Attorneys for Plaintiff*

Page 3 -  PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY AVIDYNE SHOULD NOT BE HELD IN CONTEMPT

561151.doc.12502-001

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)