IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LAURIE JONES,** individually and as Personal Representative of the **ESTATE OF CHRISTOPHER JONES,** deceased,

        Plaintiff,

    v.

**AVIDYNE CORPORATION,**

        Defendant.

No. CV 06-1656-ST

OPINION AND ORDER

---

**AVIDYNE CORPORATION,**

        Third-Party Plaintiff,

    v.

**JENNIFER S. LINK** or **JANE DOE** or **JOHN DOE,** who may be appointed as personal representative of the **ESTATE OF PAUL SCHIOLER-LINCK,**

        Third-Party Defendant.

**MOSMAN, J.**,

A public evidentiary hearing was held in this case on March 15, 2010, regarding plaintiff Laurie Jones's Motion for an Order to Show Cause (#251). In her motion, plaintiff sought sanctions against defendant Avidyne Corporation for alleged discovery violations. During the hearing, a defense witness was cross-examined with several confidential documents subject to a standing Protective Order (#106). After the hearing, the parties settled the case and, as part of their settlement, jointly moved to seal the transcript in its entirety. Avidyne moved separately to redact the transcript. (Mot. to Seal (#292); Mot. to Redact (#294).) Judge Stewart denied the motion to seal, but granted in part and denied in part the motion to redact. (Order (#296); Order (#297).) In the meantime, an unredacted copy of the transcript was inadvertently provided to interested non-parties Diane Karsten and Paula Meserve.[1] Upon learning of the disclosure, Avidyne moved to compel the non-parties to return the unredacted transcripts to the Court and to disclose the names of all individuals or entities that had received a copy of the unredacted transcript. (Mot. to Compel (#312).) On August 3, 2010, Magistrate Judge Stewart issued an order granting defendant Avidyne Corporation's Motion to Compel (#312). Ms. Karsten and Ms. Meserve objected to Judge Stewart's order, and Avidyne responded.[2]

## DISCUSSION

Judge Stewart's August 3, 2010, order was not dispositive of a claim or defense of any party and therefore is characterized as a nondispositive pretrial motion. *See* Fed. R. Civ. P. 72(a);

---

[1] There is no allegation that Ms. Karsten or Ms. Meserve obtained the transcript wrongfully.

[2] Ms. Karsten and Ms. Meserve also filed a reply to Avidyne's response, which is not permitted under Federal Rule of Civil Procedure 72. To further the interests of justice, I have nevertheless considered Ms. Karsten and Ms. Meserve's reply.

*Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (observing that 28 U.S.C. § 636(b)(1)(A) lists the motions that may not be determined by a magistrate judge, and "any motion not listed, nor analogous to a motion listed in [28 U.S.C. § 636(b)(1)(A)], falls within the non-dispositive group of matters which a magistrate may determine"). When reviewing a magistrate's order on a nondispositive pretrial matter, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). There is clear error when the court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This standard of review reflects the broad discretion accorded to magistrate judges on pretrial matters. *See*, *e.g.*, *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (stating that questions of law are reviewed de novo, while pretrial motions—such as discovery matters—are evaluated under the clearly erroneous standard of review) (citations omitted); *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (same).

      In this case, the record reflects Judge Stewart's careful attention to the tension between the public's recognized right of access and Avidyne's interest in confidentiality. Although the parties jointly moved to seal the transcript of the hearing (#292), Judge Stewart found no compelling reason to restrict public access to the transcript in its entirety. (*See* Order Denying Joint Mot. to Seal Tr. (#296).) Instead, she implemented a more narrowly tailored remedy in order to strike the appropriate balance between the interests of the public and the interests of the parties. After reviewing the transcript line by line, Judge Stewart redacted the transcript as to certain matters but not others. (*See* Order Granting in Part and Denying in Part Mot. to Redact Tr. (#297).) The redacted portions of the transcript contain technical details of Avidyne's research

PAGE 3 - OPINION & ORDER

into remedial product designs. In its motion to redact, Avidyne asserted that it would be harmed in the competitive marketplace if these details were publicly disclosed. This is a compelling reason to restrict public access to those limited portions of the transcript that disclose technical details of Avidyne's product research. Importantly, Judge Stewart denied the motion to seal the transcript in part because she found that a redacted version of the transcript was sufficient to maintain the confidentiality of Avidyne's trade secrets, research and development, and other materials subject to a standing protective order. (*See* Order Denying Joint Mot. to Seal Tr. (#296).)

Furthermore, the balance between the public's right of access and Avidyne's interest in confidentiality weighs in Avidyne's favor where, as here, Ms. Karsten and Ms. Meserve have not demonstrated how an unredacted version of the transcript will advance their interests in a way the redacted transcript will not. I further note that the vast majority of the transcript remains unredacted and available to the public, including those portions of the transcript dealing with the alleged discovery violations that are the primary focus of Ms. Karsten's and Ms. Meserve's interest in this case. (*See* Objections (#321) 6 ("[T]he non-parties opposing Avidyne in other actions need the unredacted transcript to prove past discovery abuses by the avionics manufacturer.").)

Aside from the public's right of access to judicial materials, the Ninth Circuit also "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). Accordingly, a court should modify its protective order if a collateral litigant "demonstrate[s] the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Id.* at 1132. Although Ms. Karsten's and Ms. Meserve's objections suggest they are

engaged in similar litigation against Avidyne in Minnesota, they have not yet established that the redacted portions of the transcript are relevant to the Minnesota litigation,[3] nor have they formally intervened in this case. Instead, they agreed that their motion to intervene would be rendered moot if Avidyne disclosed the Bates numbers of the contested Tiger Team discovery, which Avidyne did subsequently disclose. Before their motion was denied as moot, Ms. Karsten and Ms. Meserve indicated their intention to permissively intervene for the limited purpose of obtaining an unredacted version of the transcript. To date, they have not done so. Because there has been no determination that these non-parties are entitled to intervene for the limited purpose of modifying the protective order, or that the redacted portions of the transcript are relevant to the Minnesota litigation, Ms. Karsten's and Ms. Meserve's interests are analyzed as those of the general public rather than those of collateral litigants.

For the foregoing reasons, I find no ground to modify or set aside Judge Stewart's order as clearly erroneous or contrary to law.

IT IS SO ORDERED.

DATED this __23rd__ day of September, 2010.

/s/ Michael W. Mosman  
MICHAEL W. MOSMAN  
United States District Court

---

[3] Although Ms. Karsten and Ms. Meserve have asserted that they "need the unredacted transcript to prove past discovery abuses by the avionics manufacturer," this general statement does not explain how or why the redacted portions of the transcript are "sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided" by releasing the transcripts in unredacted form. *See Foltz*, 331 F.3d at 1132.